GARDEN, JUDGE:
In January of 1977, the claimant purchased a 62-acre parcel of ground from Mr. and Mrs. Gay Crihfield, which property was located on State Route 58 near Amma in Roane County, West Virginia. Situate on the property was a residence with a well, two meadows, and a pond. In May of 1977, the well, which was *92 claimant’s only source of water, went dry. Thereafter, claimant drilled a new well, and incurred additional expenses in obtaining a temporary water supply, which came to a total amount of $634.18. Claimant seeks an award in that amount from respondent on the theory that, during the years 1970-1972, the respondent had conducted stone quarrying on the property within 70 feet of the subject well, and as a result, the well went dry in May of 1977.
Without discussing the issues of causation and statute of limitations, we must disallow this claim by reason of the complete failure of the claimant to establish, by a preponderance of the evidence, that the respondent or any of its agents conducted the quarrying operations during the years mentioned above. On the other hand, the respondent introduced the testimony of Edward L. Lee, who, during the early 70’s, was employed by Black Rock Contracting, Inc. as its assistant production manager. Mr. Lee testified that on August 14, 1970, on behalf of Black Rock, he entered into a written agreement with Mr. and Mrs. Crihfield which permitted Black Rock to quarry their property for a period of one year for a consideration of $100.00 and $.05 for each ton of stone that was removed from the property. The agreement, which was introduced into evidence, further provided that Black Rock had the option to renew the agreement after the expiration of the original one-year term, but Mr. Lee was unable to recall whether this option of renewal was exercised.
Mr. Lee further testified that, at the time, Black Rock did not have the necessary equipment to crush and process that stone, and, as a result, Black Rock subcontracted the work to State Construction, Inc. It was State Construction who actually did the work. Michael Norman, a right-of-way agent for respondent in District 3, also testified on behalf of respondent and stated that he had conducted a search of the records in his office and could find no documentation of quarrying work on the Crihfield property.
While the Court suspects that the quarrying work, with its attendant blasting, caused the claimant’s well to fail, we must deny this claim because of the failure of claimant to establish any actionable negligence on the part of respondent.
Claim disallowed.